T.C. Memo. 2001-324


UNITED STATES TAX COURT


PLASTIC ENGINEERING & TECHNICAL SERVICES, INC., Petitioner
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10157-99.                    Filed December 28, 2001.


<u>Charles E. Turnbull</u> and <u>Frank E. Henke</u>, for petitioner.

<u>John W. Stevens</u>, for respondent.


MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax in the amount of $9,170 for the taxable year 1995.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue in this case is whether petitioner is required under section 263A, to capitalize certain royalties paid as the exclusive licensee of a patented "hot manifold assembly system".

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner's principal place of business was Auburn Hills, Michigan.

Petitioner is a Michigan corporation licensed by the State and engaged in the business of manufacturing and engineering of products and services in the fields of industrial chemicals, plastics, materials, and synthetics. The sole shareholder and president of petitioner is Patrick A. Tooman (Mr. Tooman). Petitioner was incorporated on June 21, 1984. Mr. Tooman developed a hot manifold assembly system which was patented under the United States Letters Patent No. 4,964,795 (the patent), dated October 23, 1990. The patent, as described in the abstract, is "a manifold assembly system of the type used for conveying plastic injecting molding material from a central injection point or sprue to a number of mold cavities or to multiple points".

On June 10, 1993, petitioner and Mr. Tooman entered into an agreement entitled Amended and Restated License Agreement (the

agreement), effective as of December 10, 1992. The agreement set the amount to be paid for past and future use of the patent in petitioner's assembly system. Under the agreement, petitioner has the exclusive and nontransferable license and right to manufacture and sell the assembly system covered by the patent from December 10, 1992, until December 31, 2004. Termination of the agreement may occur upon 10 days' written notice by either party or default. The agreement defines the licensee as petitioner and the licensor as Mr. Tooman. Amounts paid by petitioner to Mr. Tooman for future use of the patent are referred to as royalties.

The patent is and has been utilized as a critical component of petitioner's assembly systems since 1984. Royalties are equal to 10 percent of the net sales price of all plastic molded products manufactured through the use of the patented assembly system, also known as the "end product(s)". End products are considered sold at such time as an invoice covering the end products is delivered to a customer of the petitioner, or if not invoiced, at the time that such products are shipped, delivered, or otherwise made available to the customer. All royalty payments were paid to Mr. Tooman on a quarterly basis, pursuant to the agreement.

Petitioner timely filed its U.S. Corporation Income Tax Return, Form 1120, for taxable year 1995, and utilized the

accrual method of accounting for the year in issue. Petitioner incurred $999,151 for the exclusive and nontransferable right to use the patent. Petitioner did not allocate any of the $999,151 paid under the agreement to the goods it produced, including inventory remaining at the end of the year. Rather, petitioner deducted the entire $999,151 as "Other Deductions" on line 26 of its 1995 Federal income tax return as an ordinary and necessary business expense pursuant to section 162 or, alternatively, as a depreciation deduction under section 167. Petitioner used a simplified production method to calculate inventory costs during the 1995 taxable year, allocating $510,124 in administrative, service, and support department costs to production under section 263A. In allocating section 263A costs to inventory, petitioner used an absorption ratio calculated by dividing section 263A costs by the costs of production other than section 263A costs.

In a notice of deficiency, respondent determined that petitioner failed to include or allocate the $999,151 in royalties to production pursuant to section 263A. Specifically, based on petitioner's allocation formula, which is not in dispute, respondent determined that $26,971 of the $999,151 was allocable to the ending inventory and was required to be capitalized and included in petitioner's cost of inventory. Accordingly, respondent determined a deficiency of $9,170 for the 1995 taxable year.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving the entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) allows a deduction for a taxpayer's "ordinary and necessary" business expenses paid or incurred during the taxable year. However, deductions allowed under section 162(a) are also "subject to the exceptions provided in part IX (sec. 261 and following, relating to items not deductible)." Sec. 161.

The uniform capitalization rules of section 263A(a)(1) require that all direct costs and certain indirect costs allocable to certain property be included in inventory, or capitalized if such property is not inventory. Taxpayers subject to section 263A must capitalize all direct costs and certain indirect costs properly allocable to property produced or property acquired for resale. Sec. 1.263A-1(e)(1), Income Tax Regs. "Direct costs", as they are relevant to "producers", include "direct material costs and direct labor costs." Sec. 1.263A-1(e)(2)(i), Income Tax Regs. "Direct material costs" include the costs of those materials that become an integral part of specific property produced and those materials that are consumed in the ordinary course of production and that can be identified or associated with particular units or groups of units of property produced. Sec. 1.263A-1(e)(2)(i)(A), Income Tax

Regs.

Certain "indirect costs" must also be capitalized to the extent they are properly allocable to property produced. "Indirect costs" are defined as all costs allocable to property produced or acquired for resale by the taxpayer other than direct material costs and direct labor costs (in the case of property produced). Sec. 1.263A-1(e)(3), Income Tax Regs. Indirect costs are properly allocable to property produced when the costs directly benefit or are incurred by reason of the performance of production activities. Id. Royalty payments are specifically identified as an indirect cost that must be capitalized. Section 1.263A-1(e)(3)(ii)(U), Income Tax Regs., states as follows:

> Licensing and franchise costs. Licensing and franchise costs include fees incurred in securing the contractual right to use a trademark, corporate plan, manufacturing procedure, special recipe, or other similar right associated with property produced or property acquired for resale. These costs include the otherwise deductible portion (e.g., amortization) of the initial fees incurred to obtain the license or franchise and any minimum annual payments and royalties that are incurred by a licensee or a franchisee.

Section 1.263A-1(e)(3)(ii), Income Tax Regs., provides a nonexclusive list of examples of certain indirect costs that must be capitalized.

Respondent contends that the royalty payments incurred by petitioner are subject to the capitalization rules of section 263A, and further that the payments must be deducted over time through petitioner's cost of goods sold.

Petitioner contends that it was not required to capitalize royalty payments to Mr. Tooman pursuant to section 263A because the payments were "contingent royalties" rather than "minimum royalties". Petitioner defines contingent royalties as royalty payments derived from a percentage of petitioner's net sales of products manufactured through the patent process. Petitioner's argument is based on the construction, and effectively the interpretation, of the last sentence of section 1.263A-1(e)(3)(ii)(U), Income Tax Regs., shown above. Petitioner construes the last sentence of section 1.263A-1(e)(3)(ii)(U), Income Tax Regs., so that the word "minimum" modifies the nouns "payments" and "royalties". We disagree.

Petitioner was in the business of manufacturing products in the fields of industrial chemicals, plastics, materials, and synthetics. Petitioner acquired the exclusive right to produce certain end products as licensee, and through the use, of the manufacturing process protected under Mr. Tooman's patent. The patent was "a manifold assembly system of the type used for conveying plastic injecting molding material from a central injection point or sprue to a number of mold cavities or to multiple points", thus enabling petitioner to create the end products. The regulations of section 263A clearly state that "licensing and franchise costs * * * incurred in securing the * * * manufacturing procedure, special recipe, or other similar right

associated with property produced", including "any minimum annual payments and royalties ... incurred by a licensee", are indirect costs that must be capitalized in ending inventory.  Sec. 1.263A-1(e)(3)(ii)(U), Income Tax Regs.

Petitioner reads "minimum annual payments and royalties" in a vacuum.  This phrase merely gives examples of "licensing and franchise costs" that are classified as indirect costs.  The distinction petitioner wishes this Court to make between the phrase "minimum royalties" and "contingent royalties" is illogical in light of the objectives of the statute and regulations.  As previously stated, under the statute and regulations, indirect costs, that is costs other than direct material costs and direct labor costs or acquisition costs, must be capitalized if properly allocable to property produced.  Sec. 1.263A-1(e)(3)(i), Income Tax Regs.  Further, the regulations give as an example of an indirect cost required to be capitalized, licensing and franchise costs.  Sec. 1.263A-1(e)(3)(ii)(U), Income Tax Regs.  The language found in the regulations speaks directly to petitioner's license of the patented manufacturing process and the royalties incurred in securing that license.

Petitioner relies on a number of cases in its brief that "widely recognize" "minimum royalties"; however, the cases bear no relevance to the issue of capitalization under section 263A,

and have no persuasive value to petitioner's case.[1]

Accordingly, we find that the royalty payments incurred by petitioner in 1995 are indirect costs to the production of the end products, and, as such, the royalty payments are subject to the capitalization rules of section 263A.

We have considered all of the other arguments made by petitioner, and, to the extent we have not addressed them, conclude they are without merit.

To reflect the foregoing,

> Decision will be entered
>
> for respondent.

---

[1]     We note that Wood v. United States, 377 F.2d 300 (5th Cir. 1967), and J. Strickland & Co. v. United States, 352 F.2d 1016 (6th Cir. 1965), were decided approximately 20 years before Congress enacted sec. 263A in the Tax Reform Act of 1986, Pub. L. 99-514, sec. 803, 100 Stat. 2350.  Petitioner also cited the following cases which concerned the research and experimental expenditures deduction under sec. 174 and years in issue from 1976 through 1984:  Harris v. Commissioner, T.C. Memo. 1990-80 (tax years 1979-1982), affd. 16 F.3d 75 (5th Cir. 1994); Estate of Cook v. Commissioner, T.C. Memo. 1993-581 (tax years 1976-1982); Research Two Ltd. Pship. v. Commissioner, T.C. Memo. 2000-259 (tax years 1982-84).